JOSEPH WHITESIDES, ET AL., *v.* WILLIAM D. CUSHENBERRY, ET AL.

**Husband and Wife.**
> The husband has a right to sell his real estate regardless of his wife's wishes and can pass to the purchaser a complete title except the potential right of dower.

**Relinquishment of Homestead.**
> Where in a conveyance of a husband's real estate he agrees to relinquish his homestead right and the value of the homestead is credited on the purchase-money, he cannot thereafter assert a homestead claim as to such real estate.

APPEAL FROM SIMPSON CIRCUIT COURT.

December 5, 1879.

OPINION BY JUDGE PRYOR:

Upon a reconsideration of this case we must adjudge that the appellant by his own action has deprived himself of the right to a homestead. It is immaterial whether his wife consented to the sale or not. The husband had the right to sell regardless of his wife's wishes, and could pass to the purchaser a complete title, except the potential right of dower.

He bought this land at the sale by the assignee under the announcement that he would relinquish the homestead. The sale was made and confirmed, and the value of the homestead credited on the purchase money, leaving something over eight thousand dollars due. When his notes for the purchase money are attempted to be enforced he again claims the homestead, and if allowed the homestead out of the land, or is credited by a thousand dollars, its value, he reduces the amount owing to him to seven thousand dollars, and thereby will have had two homesteads in the same land.

He had the right to purchase the land, and when the sale was confirmed it could not well be avoided, or at least it must be regarded as a valid sale, and in the attempt to collect the purchase money he can assert no homestead claim.

The judgment below was therefore proper and should have been *affirmed.*

*A. Duvall, G. W. Whitesides, J. M. Galloway, for appellants.*

*R. Rhodes, Bush & Goodwin, William Lindsay, for appellees.*   .